**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LANDON G. BOYER,**

**Plaintiff,**

**v.**

**JONATHAN ROBE,**

**Defendant.**

**Case No. 2:26-cv-00871**

**Chief District Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Undersigned for consideration of Plaintiff's amended Motion to Proceed *in forma pauperis* (Doc. 5) and the initial screen of his Complaint (Doc. 1-2) under 28 U.S.C. § 1915(e)(2). Plaintiff's amended Motion to Proceed *in forma pauperis* (Doc. 5) is **GRANTED**. The Court **DENIES as moot** his original request for the same (Doc. 1). All judicial officers who render services in this action shall do so as if the costs had been prepaid. *See* 28 U.S.C. § 1915(a). After conducting the required initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-2) be **DISMISSED**.

## I. BACKGROUND

Plaintiff alleges that his appointed appellate attorney for one of his state criminal actions in Pike County, Ohio, Defendant Robe, violated his civil rights. (Doc. 1-2). During Robe's representation of him, Plaintiff asserts that Robe repeatedly did not provide documents he requested, including "filings, the complete client file, or an accounting identifying what judgment or part of the judgment was appealed, what assignments of error were presented, what was served, and what was omitted." (*Id.* at 2). Plaintiff also takes issue with Robe agreeing to an extension request from the Pike County prosecutor to file the County's response brief, based in part on Robe

not serving the merit brief. He claims that Robe did not tell him "that service allegedly had not occurred, that [Robe] had agreed with the State concerning the service defect, that a sixty-day enlargement had been discussed, or that [Robe] had offered an agreed filing." (*Id.* at 5; Doc. 1-4 at 3). Plaintiff asserts that Robe acted under the color of state law by forming a "separate agreement and joint[ly] participat[ed] with the prosecuting attorney concerning nonservice, an additional sixty-day enlargement, and an agreed filing that materially affected the appeal while those matters were withheld from Plaintiff." (Doc. 1-2 at 1).

Based on these incidents, Plaintiff brings one claim under 42 U.S.C. § 1983: "The alleged joint action and continuing obstruction impaired Plaintiff's rights of access to the courts, due process, and a meaningful first appeal as of right under the First and Fourteenth Amendments." (*Id.* at 8–9). He seeks compensatory, nominal, and punitive damages; injunctive relief; and declaratory relief. (*Id.* at 9).

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). At bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P.

8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Complaint at this stage, the Court must construe it in her favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Id.* at 678 (internal quotation and quotation marks removed). In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

## III. DISCUSSION

As noted above, Plaintiff alleges that his court-appointed appellate defense attorney, Defendant Robe, violated his constitutional rights through a "joint course of action" with the prosecutor in his state criminal case. Liberally construing his Complaint, it appears Plaintiff bases his claim on Robe's alleged withholding of pleadings and other related documents, as well as his agreement to the prosecutor's extension request.

To state a claim under 42 U.S.C. § 1983, Plaintiff must plead "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Community School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). A defense attorney, whether she is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of law when performing a lawyer's traditional functions

as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color or law within the meaning of § 1983.") (citing *Dodson*, 454 U.S. at 318). A defense attorney, however, is generally not immune from § 1983 liability for conspiracies to deprive clients of their constitutional rights. *See Tower v. Glover*, 467 U.S. 914, 916 (1984).

Although Plaintiff attempts to frame his claim under *Tower* (*see* Doc. 1-2 at 7–8), his vague and conclusory allegations of conspiracy are insufficient to state a cognizable claim under § 1983. It is well settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus*, 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). To allege a conspiracy, a plaintiff "must show (1) that there was a single plan, (2) that the alleged coconspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Rieves v. Town of Smyrna, Tennessee*, 67 F.4th 856, 862 (6th Cir. 2023) (citation and quotation omitted).

Construing the Complaint liberally, Plaintiff's contention that the "alleged arrangement" between Robe and the non-party, unidentified state prosecutor was used "to provide a procedural benefit" to the prosecutor and this arrangement's "natural and actual effect" was to impair his "rights of access to the courts, due process, and a meaningful first appeal as of right" is insufficient to suggest that Robe and the prosecutor engaged in a conspiracy. (Doc. 1-2 at 5–6, 9). Even if generously allowing that this contention asserts the first and third elements of a conspiracy claim,

Plaintiff alleges no facts that allow the Undersigned to conclude that Robe and the prosecutor shared a conspiratorial objective or otherwise planned together to deprive Plaintiff of his constitutionally protected rights. Put simply, one of the core elements of a conspiracy claim—conspiratorial objective—is missing. *Mason v. Grillo*, No. 2:25-CV-00335, 2025 WL 1456573, at *11 (S.D. Ohio May 21, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, No. 2:25-CV-335, 2025 WL 1993522 (S.D. Ohio July 17, 2025) (finding conspiracy claim based on mere conclusions in part because plaintiff did not demonstrate a plan or conspiratorial objective). Accordingly, the Undersigned need not consider the remaining elements.

As Plaintiff fails to sufficiently plead that Defendant Robe conspired to deprive him of his constitutional rights, his §1983 claim cannot move forward. In sum, Plaintiff fails to state a claim upon which relief may be granted. *See Twombly*, 550 U.S. at 555; *Hillman v. Phipps*, No. 2:25-CV-579, 2025 WL 3525302, at *5 (S.D. Ohio Dec. 9, 2025) (finding plaintiff's conclusory allegations that the judge and counsel in his criminal case "conspired to deprive him of this constitution rights, including meaningful access to the courts"). *Cf. Horton v. Martin*, 137 F. App'x 773, 775–76 (6th Cir. 2005) (affirming dismissal of § 1983 claim against attorney who represented the plaintiff in a parole revocation hearing given the lack of any "factual support or evidence upon which a conspiracy [with state officials] could be based.").

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 5). After conducting an initial screen of the Complaint under 28 U.S.C. § 1915(e)(2), the Undersigned **RECOMMENDS** that it be **DISMISSED**.

IT IS SO ORDERED.

Date: August 26, 2026

/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).